PLAINFIELD REALTY COMPANY *vs.* PETER D. SALWAY.

MAY 16, 1947.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

FLYNN, C. J. This action in trespass and ejectment is before us upon the defendant's exceptions to the granting of

plaintiff's motion for a directed verdict and to other rulings in the course of a trial before a justice sitting with a jury in the superior court.

The evidence shows the following facts. The plaintiff is the Plainfield Realty Company, which is a Rhode Island corporation. William A. Mullins is its president, treasurer and secretary; and his wife, Elizabeth L. Mullins, is the attorney in fact representing that corporation. She kept all the plaintiff's records and in its behalf rented the property owned by it and collected the rents therefor.

On May 15, 1942 the plaintiff was seized and possessed of a one-family dwelling located at 11 Dunford street in the city of Providence in this state. On that date the premises were let to the defendant on a month to month basis, beginning on the first of the month, for an agreed rental of $23 monthly, payable in advance.

According to the testimony for the plaintiff this letting was made by Mrs. Mullins as its representative and in its behalf the rent as agreed to was collected by her from the defendant. The testimony of the defendant's wife—the defendant did not testify—was to the effect that the premises were rented from Mr. Mullins and that they did not know of the plaintiff. The other terms of the letting were admitted or not disputed.

The rent was paid to Mrs. Mullins by the defendant spasmodically until July 1, 1946, which was the last payment made by him. This payment admittedly covered the rent due for the month of April, 1946. The defendant was given receipts for all payments of rent and they were signed by Mrs. Mullins. All rents, however, were turned over by her to the plaintiff. Other evidence showed that the plaintiff had complied with the rental regulations under the federal emergency price control act of 1942, as amended; that a proper notice to quit had been given to the defendant; that he was then more than fifteen days in arrears of rent; and that he was still in such arrears at the time when the action was commenced by issuance of the writ in the instant case.

The defendant's wife sought to justify the admitted non-payment of rent for the months of May, June, July, August and September, 1946, solely by explaining that payments were stopped because a "For Sale" sign had been placed on the house with resulting annoyance from prospective purchasers who called to view the premises and who went through her home. At no time did she complain to the plaintiff or to Mr. or Mrs. Mullins concerning such annoyance; and other evidence tended to show that no prospective purchaser or selling agent was allowed by the defendant to go through the house. The witness also admitted that the defendant had been in arrears of rent on prior occasions when the house was not for sale.

The defendant's first exception to the denial of his motion for a nonsuit of the plaintiff has no merit. Such a motion is addressed to the trial court's discretion, and no exception lies to a refusal to grant such motion. *Kent* v. *Allen,* 45 R. I. 451.

The defendant's second, third, fourth and fifth exceptions all relate to rulings admitting certain evidence concerning his delinquency in payment of rent in the years of 1944 and 1945. The defendant claims this evidence was remote and was not the basis of the instant action. Neither the plaintiff nor the court considered this evidence in that light. It was relevant in cross-examination, in view of certain other statements made by the defendant's wife, to test her credibility and good faith. In any event such evidence was not relied upon, in whole or in part, as the basis for granting the plaintiff's motion for a directed verdict; and it could not have been prejudicial to the defendant, because elsewhere the evidence for the defendant admitted nonpayment of rent for over fifteen days at the time the notice to quit was given and at the commencement of this action.

The defendant's sixth exception is to the ruling of the court in directing a verdict for the plaintiff. This exception is without merit. In our opinion the only reasonable conclusion to be drawn from the evidence, when viewed most favorably to the defendant, is that the plaintiff alone was

seized of the legal title and right to immediate possession of these premises; that the defendant was either a tenant of the plaintiff from month to month and in arrears of rent, or was a trespasser or perhaps a tenant at sufferance, and in any event he was not entitled to remain after due notice to vacate was given and proper action was taken by the plaintiff.

There is no evidence whatever that any person other than the plaintiff was seized of the title and had the right to immediate possession on May 15, 1942, when the premises were rented to the defendant, or at any time up to and including the commencement of this action. The evidence is that the defendant rented the premises on a month to month basis through either Mr. or Mrs. Mullins; but there is no evidence that either of them had, or claimed to have had, any right, excepting as agent for the plaintiff, to rent the premises at that time.

Even if we assume that the evidence presented a question for the jury as to whether Mr. or Mrs. Mullins had acted as individuals in renting the premises, the defendant in such event would be no better than a trespasser or a tenant at sufferance under the plaintiff, which alone was seized of the title and right to immediate possession; and there were counts in the declaration to support its action in either of those contingencies. If prospective purchasers went through defendant's home, it could only have been with the permission of himself and his wife and on the evidence here would not constitute a legal defense to this action.

The defendant has expressly waived his seventh exception and therefore it is overruled.

All of the defendant's exceptions are overruled, and the case is remitted to the superior court for entry of judgment on the verdict as directed.

*William J. Carlos,* for plaintiff.

*Arthur L. Conaty,* for defendant.